R. B. POWELL and Laura Mae Powell, Appellants,

v.

Alfred B. REID, Appellee.

Court of Appeals of Kentucky.

Feb. 7, 1975.

Edward T. Ewen, Jr., R. Davis McAfee, Louisville, for appellants.

Donald L. Smalley, Edwin W. Paul, Louisville, for appellee.

PALMORE, Justice.

R. B. Powell and wife brought this suit against their next-door neighbor, Alfred Reid, to settle a boundary dispute. They appeal from a judgment entered on a verdict for Reid.

The two lots face the east side of Watterson Trail in Jefferson County. They are part of a larger tract which was subdivided and sold off by lots in 1949. It is undisputed that when the lots were laid out the engineer who did the work set stakes at the corners, including the one here in controversy. The witness Martin, one of the owners at that time, testified without contradiction that before any of the lots were sold these stakes were replaced by iron pins driven into the same holes.

The Powell lot is south of the Reid lot. The respective deeds call for the same stake as the southeast corner of Reid and northeast corner of Powell. An iron pin supposedly marking this corner is in place but is covered over by several inches of dirt. Nevertheless, at some time after this dispute arose it was located and pointed out to Reid by the witness Martin, one of the original subdividers, as the corner pin. There was no evidence tending to suggest that it does not mark the spot where the original corner stake had been placed in 1949.

As usual in the instance of boundary disputes, the plats prepared for the respective parties do not coincide. The Powell surveyor found iron pins at three of his four corners and conformed his courses and distances accordingly. The Reid surveyor began with a monument theretofore located during a previous survey of another lot to the north of Reid, extended a line southward along Watterson Trail, and then plotted the remaining courses and distances from that line according to the deed description without reference to or discovery of existing iron pins (if there were any) along the back or east line.

■ Under this evidence it is our opinion that the only factual question submissible to a jury was whether the iron pin claimed by Powell as marking the east corner of the two lots was in the same place as the stake originally set out when the lots were laid off in 1949. If so, Powell has sustained his burden of proof, though we cannot say that he was entitled to a directed verdict.

The principal instruction was prejudicially erroneous in directing a verdict for Reid unless the jury believed that the iron pin at the disputed corner was a "visible and recognized iron pin or stake" at the time of the conveyance to Reid. It is conceded that monuments ordinarily are controlling over courses and distances. We do not construe Oliver v. Muncy, 262 Ky. 164, 89 S.W.2d 617, 618 (1936), as standing for the proposition that within the context of that principle a monument must be literally "visible."

■ Although the court from time to time over the years may have been somewhat loose in its use of the words "visible" and "recognized," it is clear that a mark or boundary that was visible and recognized when first mentioned in a document does not lose its legal force merely by physical disappearance, so long as its original site can be definitely established. As stated in Cissel v. Rapier, 11 Ky.Op. 553, 555, 3 K. L.R. 690 (1882), "It is well settled that visible or actual boundaries, whether artificial or natural, are to be taken, as the abuttals of a survey, *so long as they can be found or proved*." (Emphasis added.) "In locating land, natural objects called for in the patent must govern; but if they are destroyed *and cannot be found,* then the courses and distances must be resorted to to ascertain the true location." (Emphasis added.) Poplar Mountain Coal Co. v. Dick, 7 Ky.Op. 420, 423 (1874). Consistent with this, even the unmarked line of an abutting tract, when used as a boundary in the description of another tract, is a controlling factor if it can be established. "The rule is to prefer the best evidence. Therefore marked corners—i. e., those clearly identified, and which are notorious objects—are seized upon as the most satis-

factory; then natural objects not marked, such as a stream, a ridge, a cliff, or the like, for they, while not so exact, are nevertheless reasonably sure to afford satisfactory evidence of the location of the patent at or near that point; then calls for the lines of other patents which are . . .. *susceptible of definite and certain location*; then courses; and then distances in the order named." (Emphasis added.) Morgan v. Renfro, 124 Ky. 314, 30 K.L.R. 533, 99 S.W. 311, 313 (1907).

Beyond that, moreover, the iron pin mentioned in this case was in fact present, existing and visible. Certainly it was not invisible in the sense of being lost and gone. If it was substituted for a temporary stake or monument originally set when the lots were laid off, was put in the same place, and had not been removed (all of which was a matter of proof), then there is no logical reason why it should not have been accorded for all practical purposes the same significance as if it had been the original stake itself.

The judgment is reversed with directions for a new trial.

All concur.